UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **MOBILE HEALTH INNOVATIVE SOLUTIONS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**SAMSUNG ELECTRONICS CO., LTD AND SAMSUNG ELECTRONICS AMERICA, INC.,**<br><br>Defendants. | **CASE NO. 2:24-cv-106**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Mobile Health Innovative Solutions, LLC ("Plaintiff" and/or "MHIS") files this complaint against Samsung Electronics Co., LTD ("SEC") and Samsung Electronics America, Inc. ("SEA"), (collectively, "Defendants" and/or "Samsung") for infringement of U.S. Patent No. 11,468,984 ("the '984 Patent") and alleges as follows:

### THE PARTIES

1. Plaintiff is a Wyoming company having its principal place of business in Cheyenne, Wyoming.

2. Upon information and belief, Defendant Samsung Electronics Co., LTD is a company organized and existing under the laws of the Republic of Korea with its principal offices at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, 100-742, South Korea.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                      1

3. Upon information and belief, Defendant Samsung Electronics America, Inc. is a wholly owned subsidiary of SEC and is organized and existing under the laws of New York with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung Electronics America, Inc. may be served through its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. Plaintiff is seeking damages, as well as attorney fees and costs.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

6. On information and belief, this Court has personal jurisdiction over Samsung because Samsung has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

7. More specifically, Samsung, directly and/or through intermediaries, ship, distribute, use, offer for sale, sell, and/or advertise products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the Products as detailed below. Upon information and belief, Samsung has committed patent infringement in the State of Texas and in the Eastern District of Texas. Samsung solicits and has solicited customers in the State of Texas and in the Eastern District of Texas. Samsung has paying customers, who are residents of the State of Texas and the Eastern District of Texas, who each use and have used the Samsung's products and services in the State of Texas and in the Eastern District of Texas.

8. On information and belief, Samsung's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

9. Venue is proper in this judicial district as to SEC pursuant to 28 U.S.C. §§ 1391(c)(3) because SEC is not a resident of the United States and therefore may be sued in any judicial district.

10. Venue is proper in this judicial district as to SEA pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b) because SEC is registered to do business in Texas and has maintained regular and established places of business with offices and/or other facilities in this District at least at 6625 Excellence Way, Plano, Texas 75023 and 2601 Preston Road, Frisco, Texas 75034.

## PATENT-IN-SUIT

11. On October 11, 2022, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '984 Patent, entitled "Device, Method and Application for Establishing a Current Load Level." The '984 Patent is attached as Exhibit A.

12. Plaintiff is the sole and exclusive owner, by assignment, of the '984 Patent.

13. Plaintiff possesses all rights of recovery under the '984 Patent, including the exclusive right to recover for past, present and future infringement.

14. The '984 Patent contains eighteen claims including two independent claims (claims 1 and 12) and sixteen dependent claims.

15. The priority date of the '984 Patent is at least as early as August 1, 2013. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

16. Plaintiff alleges infringement on the part of Defendant of the '984 Patent.

17. The '984 Patent teaches devices and methods for establishing a current load or stress level of a user. The devices and methods of the '984 Patent determine a current load or stress level of a user from biometric data obtained from at least one sensor on a mobile terminal. *See* '984 Patent, Abstract.

18. The '984 Patent was examined by Primary United States Patent Examiner Rex R. Holmes. During the examination of the '984 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: *G16H 40167* (2018.01); A61B 51165 (2013.01); A61B 514809 (2013.01); A61B 514812 (2013.01); A61B 514815 (2013.01); A61B 514884 (2013.01); A61B 517267 (2013.01); G06N 3/04 (2013.01); G06N 3/0454 (2013.01); G06N 3/084 (2013.01); G06N 3/088 (2013.01); Gl0L 25163 (2013.01); Gl0L 25166 (2013.01); G16B 40120 (2019.02); G16H 50/20 (2018.01); A61B 511124 (2013.01); A61B 5/486 (2013.01); A61B 5/4806 (2013.01); A61B 5/6898 (2013.01); A61B 5/7264 (2013.01); G06N 3/0445 (2013.01); and Gl6B 40/00 (2019.02).

19. After conducting a search for prior art during the examination of the '984 Patent, the United States Patent Examiner identified and cited 4 U.S. patents, 27 published U.S. patent applications, 4 international patent applications and 5 published articles.

20. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '984 Patent to issue.  In so doing, it is presumed that Examiner Holmes used his knowledge of the art when examining the claims.  *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Holmes had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill.  *In re*

*Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '984 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '984 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Holmes.

21. The claims of the '984 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

22. The nominal expiration date for the claims of the '984 Patent is no earlier than August 1, 2033.

## COUNT I
### (Infringement of United States Patent No. 11,468,984)

23. Plaintiff refers to and incorporates the allegations in Paragraphs 1 – 22, the same as if set forth herein.

24. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

25. Samsung has knowledge of its infringement of the '984 Patent, at least as of the service of the present complaint.

26. The '984 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

27. Upon information and belief, Samsung has infringed and continues to infringe one or more claims, including at least Claims 1, 5, 11 and 12, of the '984 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit B) products including, but not limited to, the Galaxy Watch5 Pro, which is compatible with multiple apps such as the Samsung Health app and Samsung Health Monitor app that are used for calculating stress level ("Products"), which infringe at least Claims 1, 5, 11 and 12 of the '984 Patent. Samsung has infringed and continues to infringe the '984 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

28. Samsung also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claims 1, 5, 11 and 12 of the '984 Patent, by having its employees internally test and use these exemplary Products.

29. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

30. Despite such actual knowledge, Samsung continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe one or more claims, including at least Claims 1, 5, 11 and 12 of the '984 Patent. On information and belief, Samsung has also continued to sell the exemplary Products and distribute product literature and website materials inducing end users and others to use its products in the customary

and intended manner that infringes one or more claims, including at least Claims 1, 5, 11 and 12 of the '984 Patent. *See* Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

31. At least since being served by this Complaint and corresponding claim chart, Samsung has actively, knowingly, and intentionally continued to induce infringement of the '984 Patent, literally or by the doctrine of equivalents, by selling exemplary Products to their customers for use in end-user products in a manner that infringes one or more claims, including at least Claims 1, 5, 11 and 12 of the '984 Patent.

32. Exhibit B includes at least one chart comparing the exemplary Claims 1, 5, 11 and 12 of the '984 Patent to Samsung's exemplary Products. As set forth in this chart, Samsung's exemplary Products practice the technology claimed by the '984 Patent. Accordingly, the Samsung's exemplary Products incorporated in this chart satisfy all elements of the exemplary Claims 1, 5, 11 and 12 of the '984 Patent.

33. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit B.

34. Plaintiff is entitled to recover damages adequate to compensate for Samsung's infringement.

35. Samsung's actions complained of herein will continue unless Samsung is enjoined by this court.

36. Samsung's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Samsung is enjoined and restrained by this Court.

37. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to:

1. Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

2. Enter an Order enjoining Samsung, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Samsung who receives notice of the order from further infringement of United States Patent No. 11,468,984 (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

3. Award Plaintiff damages resulting from Samsung's infringement in accordance with 35 U.S.C. § 284; and

4. Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  February 16, 2024

Respectfully Submitted,

*/s/ Randall Garteiser*
Randall Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com
M. Scott Fuller
  Texas Bar No. 24036607
  rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**COUNSEL FOR PLAINTIFF**