IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MOBILE HEALTH INNOVATIVE SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | Case No. 2:24-cv-00106-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Defendants" or "Samsung") submit their Answer, Defenses, and Counterclaims to Plaintiff Mobile Health Innovative, LLC's ("Plaintiff" or "Mobile Health") Original Complaint for Patent Infringement. Samsung denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

**THE PARTIES**[1]

1.  Samsung lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies those allegations.

2.  SEC admits it is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business located at 129 Samsung-ro, Yeongtong-gu,

---

[1] Headings are provided for convenience only and are not an admission.

Suwon-si, Gyeonggi-do, Republic of Korea. Samsung denies any remaining allegations in Paragraph 2 of the Complaint.

3. SEA admits that it is a wholly-owned subsidiary of SEC. SEA admits it is a corporation organized under the laws of the State of New York with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. SEA admits that its registered agent is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Samsung denies any remaining allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Samsung admits that the Complaint purports to state claims arising under the patent laws of the United States but denies any allegations of patent infringement. Samsung denies that Plaintiff is entitled to any relief whatsoever. Samsung denies any remaining allegations in Paragraph 4 of the Complaint.

5. Samsung admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Samsung denies any remaining allegations in Paragraph 5 of the Complaint.

6. For purposes of this action only, Samsung does not contest personal jurisdiction in this District. Samsung denies that it has committed or is committing acts of infringement in this District or elsewhere. Samsung denies any remaining allegations in Paragraph 6 of the Complaint.

7. Samsung admits that the Galaxy Watch5 Pro is imported and sold in the United States, including in the State of Texas and this District. Samsung denies that it has committed or is committing acts of infringement in this District or elsewhere. Samsung denies any remaining allegations in Paragraph 7 of the Complaint.

8. Samsung admits that the Galaxy Watch5 Pro is imported and sold in the United States, including in the State of Texas and this District. Samsung denies that it has committed or is committing acts of infringement in this District or elsewhere. Samsung denies any remaining allegations in Paragraph 8 of the Complaint.

9. For purposes of this action only, SEC does not contest that venue is proper in this District, but SEC denies that venue is convenient. Samsung denies any remaining allegations in Paragraph 9 of the Complaint.

10. For purposes of this action only, SEA does not contest that venue is proper in this District, but SEA denies that venue is convenient. SEA admits that it is authorized to do business in the State of Texas. SEA maintains an office at 6625 Excellence Way, Plano, Texas 75023. SEA admits that it maintains a retail store at 2601 Preston Road, Frisco, Texas 75034. Samsung denies any remaining allegations in Paragraph 10 of the Complaint.

**PATENT-IN-SUIT**

11. Samsung admits that U.S. Patent No. 11,468,984 ("'984 Patent") is titled "Device, Method and Application for Establishing a Current Load Level." Samsung admits that the '984 Patent states that it issued on October 11, 2022. Samsung admits that a purported copy of the '984 Patent is attached as Exhibit A to the Complaint. To the extent Paragraph 11 of the Complaint calls for a legal conclusion, no response is required. Samsung is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 11 of the Complaint and, on that basis, denies them.

12. Samsung lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies those allegations.

13. To the extent that Paragraph 13 of the Complaint calls for legal conclusions, no response is required. Samsung is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 13 of the Complaint and, on that basis, denies them.

14. To the extent a response is required, Samsung denies that any claim of the '984 Patent constitutes an invention. Samsung denies any remaining allegations in Paragraph 14 of the Complaint.

15. To the extent Paragraph 15 of the Complaint calls for legal conclusions, no response is required. Samsung is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 15 of the Complaint and, on that basis, denies them. Samsung denies that the '984 Patent is a valid and enforceable patent.

16. Denied.

17. Samsung is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 17 of the Complaint and, on that basis, denies them.

18. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies them.

19. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies them.

20. To the extent Paragraph 20 of the Complaint calls for legal conclusions, no response is required. Samsung is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 20 of the Complaint and, on that basis, denies them.

21. To the extent Paragraph 21 of the Complaint calls for legal conclusions, no response is required. Samsung is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 21 of the Complaint and, on that basis, denies them.

22. To the extent Paragraph 22 of the Complaint calls for legal conclusions, no response is required. Samsung is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 22 of the Complaint and, on that basis, denies them.

## COUNT I
### ([Alleged] Infringement of U.S. Patent No. 11,468,984)

23. Samsung incorporates by reference and restates each and every response to the preceding paragraphs of the Complaint as though fully set forth herein.

24. Samsung admits that the Complaint purports to state claims arising under the patent laws of the United States but denies any allegations of patent infringement. Samsung denies any remaining allegations in Paragraph 24 of the Complaint.

25. Samsung denies that it has committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies the allegations in Paragraph 25 of the Complaint.

26. Denied.

27. Denied.

28. Denied.

29. To the extent Paragraph 29 of the Complaint calls for legal conclusions, no response is required. Samsung denies the allegations in Paragraph 29 of the Complaint.

30. Denied.

31. Denied.

32. Denied.

33. Admitted that Plaintiff purports to incorporate by reference a purported claim chart in an "Exhibit B." Samsung denies any remaining allegations in Paragraph 33 of the Complaint.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## [RESPONSE TO] PRAYER FOR RELIEF

Samsung denies the underlying allegations of Plaintiff's Prayer for Relief, denies that Plaintiff is entitled to any relief whatsoever, and requests that the Court deny all relief to Plaintiff, enter judgment in favor of Samsung, and award Samsung its attorneys' fees as the prevailing party in the action.

## [RESPONSE TO] DEMAND FOR JURY TRIAL

Samsung is not required to provide a response to Plaintiff's request for a trial by jury. Samsung is filing its own demand for jury trial contemporaneously herewith.

## SAMSUNG'S GENERAL DENIAL

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Samsung denies them.

## SAMSUNG'S ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Samsung, without waiver, limitation, or prejudice, hereby asserts the additional defenses listed below. Samsung reserves the right to amend this Answer to add additional defenses, including allegations of inequitable conduct, and/or any other defenses currently unknown to Samsung, as they become known throughout the course

of discovery in this action. Assertion of a defense is not a concession that Samsung has the burden of proving the matter asserted.

### FIRST ADDITIONAL DEFENSE

### (Non-Infringement)

Samsung does not infringe and has not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the Asserted Patent, either literally or under the doctrine of equivalents, and have not committed any acts in violation of 35 U.S.C. § 271.

### SECOND ADDITIONAL DEFENSE

### (Invalidity)

Each asserted claim of the Asserted Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

### THIRD ADDITIONAL DEFENSE

### (Prosecution History Estoppel)

Plaintiff's claims are barred by the doctrine of prosecution history estoppel and/or disclaimer based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Asserted Patent.

### FOURTH ADDITIONAL DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## FIFTH ADDITIONAL DEFENSE

### (Lack of Standing)

Plaintiff does not have standing to assert the Asserted Patent against Samsung.

## SIXTH ADDITIONAL DEFENSE

### (Marking)

Any claim for damages by Plaintiff is limited by its failure to mark, including without limitation, to the extent Plaintiff contends there are products covered by the Asserted Patent, Plaintiff's failure to mark its own products with the numbers of the Asserted Patent and/or its failure to require and/or police the marking of Plaintiff's customers and licensees.

## SEVENTH ADDITIONAL DEFENSE

### (Notice, Damages, and Costs)

Plaintiff's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288. Plaintiff's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

## EIGHTH ADDITIONAL DEFENSE

### (Not an Exceptional Case)

If Plaintiff is entitled to any remedy, Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

## NINTH ADDITIONAL DEFENSE

### (No Willful Infringement)

Plaintiff's claims for enhanced damages, if any, and an award of fees and costs against Samsung have no basis in fact or law and should be denied.

## RESERVATION OF ADDITIONAL DEFENSES

Samsung reserves the right to assert additional defenses that may surface through discovery in this action.

## PRAYER FOR RELIEF

WHEREFORE, Samsung respectfully prays for the following relief:

    A.    Judgment against Mobile Health dismissing the Complaint and denying with prejudice all relief requested in Mobile Health's Complaint and its prayer therein;

    B.    Judgment that this case is exceptional under 35 U.S.C. § 285 and an award to Samsung of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

    C.    Judgment awarding Samsung such other relief as this Court deems just and proper;

    D.    Judgment that Samsung has not infringed, directly or indirectly, any claim of the Asserted Patent; and

    E.    Judgment that the claims of the Asserted Patent are invalid.

| | |
|---|---|
| Dated: June 12, 2024 | Respectfully submitted,<br><br> /s/ *Melissa R. Smith*<br>Melissa R. Smith<br>Texas Bar No. 24001351<br>**GILLAM & SMITH, LLP**<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile:  (903) 934-9257<br>Email:  melissa@gillamsmithlaw.com<br><br>*Attorney for Defendants*<br>*Samsung Electronics Co., Ltd. And*<br>*Samsung Electronics America, Inc.* |

10

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system on June 12, 2024.

                                              */s/ Melissa R. Smith*
                                              Melissa R. Smith